UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESA ORTLOFF,

    Plaintiff,

v.

DAVE TRIMMER, a Chief of the Washington State Ferries, *et al.*,

    Defendants.

No. C16-1257RSL

ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY DEFAULT OR TO COMPEL DISCOVERY RESPONSES

This matter comes before the Court on plaintiff's "Motion for Discovery Default or to Compel Discovery." Dkt. # 22. Plaintiff seeks an order compelling defendants to produce several thousand emails that defendants mentioned in response to plaintiff's interrogatories. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows.

In this lawsuit, plaintiff sues her former employer, the Washington State Ferries (WSF), as well as various other WSF employees, for several alleged violations of her constitutional rights, harassment, and retaliation. Plaintiff seeks an order requiring defendants to produce all emails in their possession "related to" plaintiff herself, as well as all emails "related to" six comparator employees. Defendants have indicated that they are willing to produce emails generated by running searches for the seven names in question, but ask plaintiff to provide

ORDER ON PLAINTIFF'S MOTION
FOR DISCOVERY DEFAULT OR TO
COMPEL DISCOVERY RESPONSES - 1

additional search terms so that they might limit the total number of responsive emails to those that are relevant to this case. Moreover, defendants have by now produced an additional batch of emails "related to" plaintiff herself. Dkt. # 28 at 7. Plaintiff still seeks production of the "comparator" emails, as well as emails "related to" plaintiff from the email accounts of other WSF employees, and argues that defendants' unwillingness to produce all responsive emails is evidence of bad faith.

> You don't need a weatherman
> To know which way the wind blows.
> – Bob Dylan
> *Subterranean Homesick Blues*
> © Columbia Records 1965

The ill winds that have blown this discovery dispute into this courtroom are a product of an outrageous posture by plaintiff's lawyer (seeking a default judgment of $900,000 for a minor discovery dispute where the primary cause is his own failure to communicate with opposing counsel) and an overly restricted response perspective by the State's lawyer, who must have a better idea of what relevant documents plaintiff is entitled to even without the benefit of agreed "search terms." The Court is extremely disappointed in the fact that this motion was filed, and the parties must do a better job of meeting face-to-face and working through future problems related to discovery.

Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Information need not be admissible at trial to be discoverable. Fed. R. Civ. P. 26(b)(1). During discovery, parties must, without awaiting a discovery request, provide to the other parties a set of initial disclosures, including copies or descriptions of all documents, electronically stored information, and tangible things that the disclosing party has in its possession or control and that the disclosing party may use to support its claims or defenses, Fed. R. Civ. P. 26(a)(1)(A)(ii). Additionally, a party may request the

production of certain documents in the other party's control; the party served with such requests for production must comply within 30 days. Fed. R. Civ. P. 34(b)(2)(A). The party seeking discovery may move for an order compelling disclosure or discovery after good-faith attempts to obtain compliance without court action have been unsuccessful. Fed. R. Civ. P. 37(a)(1).

Though plaintiff requests entry of default against the defendants as a discovery sanction, the Court concludes that default would be a disproportionately harsh penalty in the context of this relatively minor discovery dispute, where – contrary to plaintiff's hyperbolic assertions – there does not appear to be any evidence of willfulness or bad faith. See Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) ("In the Ninth Circuit, [default] sanctions are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" (citations omitted)).

Rather, the dispute here appears to result from the parties' failure to cooperate. Plaintiff's attorney was wrong to resist defendants' good-faith effort to provide relevant discovery by refusing the request for additional search terms. Such resistance ultimately creates more work for everyone, including the Court. In addition, the State knows enough about the allegations here to figure out what plaintiff needs: any emails from or to any of the WSF defendants mentioning the plaintiff, plus anything mentioning the comparator employees in the context of their refusing work assignments or showing a lack of mechanical aptitude during their probationary periods.

For all of the foregoing reasons, plaintiffs' motion to compel discovery responses (Dkt. # 22) is GRANTED in part. The parties are directed to meet and confer to establish additional search terms that will assist defendants in narrowing the universe of responsive emails to those that are truly relevant to this litigation. This conference shall take place no later than seven days from the date of this order. Once additional search terms have been designated, defendants shall

produce the narrowed batch of responsive emails no later than Friday, June 16, 2017. To the extent privacy concerns remain, the parties are encouraged to consider a stipulated protective order limiting the use of discovery materials to this litigation.

DATED this 5th day of June, 2017.

_____
Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFF'S MOTION
FOR DISCOVERY DEFAULT OR TO
COMPEL DISCOVERY RESPONSES - 4