UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THERESA ORTLOFF, <br><br> Plaintiff, <br><br> v. <br><br> DAVID TRIMMER, *et al.*, <br><br> Defendants. | Case No. 16-1257RSL <br><br> ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on "Plaintiff's Motion to Amend Complaint and Conform Pleadings to the Evidence." Dkt. # 61. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Where a plaintiff seeks to amend her pleading after the deadline established in the case management order, the moving party must show good cause for modifying the deadline. Fed. R. Civ. P. 16(b)(4); Dkt. # 16.

Plaintiff seeks to amend her complaint based on documents disclosed at or near the end of discovery. These documents, plaintiff asserts, support factual allegations relevant to a cause of action in her complaint, see Dkt. # 1, and she seeks to add those factual allegations accordingly. Because the additional factual allegations stem from documents disclosed at or near the end of discovery and well beyond the deadline for amending pleadings, the Court finds good cause for modifying that deadline. See Fed. R. Civ. P. 16(b)(4).

ORDER GRANTING MOTION TO AMEND COMPLAINT - 1

Defendants oppose the motion because discovery has already closed and also point to their pending motion for summary judgment. Plaintiff does not seek to reopen discovery, see Kaplan, 49 F.3d at 1370, and the Court does not read plaintiff's proposed amended complaint as adding parties or claims, see Dkt. # 63, Ex. E. Regarding defendants' pending motion, Dkt. # 36, the factual allegations plaintiff seeks to add and the documents supporting those allegations were included in that motion's briefing. The Court will consider that motion, including those documents, on the merits.

Although the Court grants plaintiff's motion, the Court is compelled to point out plaintiff counsel's scant discussion of the actual legal standard under Rule 16 or applicable case law and plaintiff counsel's questionable choice to request in this motion's reply brief that the Court *sua sponte* enter partial summary judgment in several respects. Furthermore, the Court admonishes plaintiff counsel to reflect carefully in the future before leveling serious accusations—such as intentionally withholding documents, Dkt. # 61 at 2—against the office of the Attorney General of Washington, which represents defendants in this case.

For the foregoing reasons, plaintiff's motion, Dkt. # 61, is GRANTED. Plaintiff shall file an amended complaint consistent with the proposed amendments she has submitted, Dkt. # 63, Ex. E, within ten days of this order. Defendants shall plead in response within ten days after service of the amended complaint.

DATED this 22nd day of December, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO AMEND COMPLAINT - 2